IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES A. JORDAN, JR.** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | Criminal Action No. 5:03-cr-6 (HL) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

_____

# ORDER

James A. Jordan, Jr., Petitioner, has filed a document styled as a Motion in Nunc Pro Tunc for Review of Sentence (Doc. 77). After consideration of the Motion, the Court hereby dismisses the same for the reasons set forth below.

**I.   PROCEDURAL HISTORY**

Jordan was indicted in this Court on January 15, 2003. Jordan was not arrested on the indictment until February 24, 2003. Jordan entered a plea of guilty on April 1, 2003, to one count of possession with intent to distribute crack cocaine and one count of use of a firearm during and in relation to a drug trafficking crime. He was sentenced for these offenses on June 26, 2003, and received a term of imprisonment of 170 months.[1] Judgment was entered on July 1, 2003.

On February 27, 2006, Jordan filed the Motion at issue here. In his Motion, Jordan

---

[1] Jordan has already received one sentence reduction–from 170 months to 140 months–for substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b). Another Rule 35(b) Motion is pending. However, Rule 35(b) is not at issue in this Motion.

maintains he is moving pursuant to 18 U.S.C.A. § 3585(b) for credit for prior custody. His argument has two parts: First, he contends he should receive credit from November 9, 2002, through May 26, 2003, which is the period during which he was held in state custody before being released.[2] Second, he contends he should receive credit from May 26, 2003, through July 29, 2003, which is the period during which he was released but under the supervision of federal agents because he was assisting them with other cases.[3] Before looking at the merits of Jordan's Motion, the Court must address what authority, if any, it has to grant Jordan the relief requested.

## II.   ANALYSIS

In his Motion, Jordan relies on 18 U.S.C.A. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[2] Jordan acknowledges that he was "in custody on a probation hold" during this period. (Mot. at 3.) To the extent that Jordan received credit toward his state sentence during the period that he was in custody on a probation hold, he would not also be entitled to receive credit toward his federal sentence. By its own terms, § 3585(b) only allows a federal defendant to receive credit for prior detention "that has not been credited against another sentence." 18 U.S.C.A. § 3585(b) (West 2000).

[3] It is unlikely that Jordan can prevail on this argument. As a general rule, courts construing § 3585(b) have held that "detention" for purposes of that Code section requires full physical incarceration, and that monitoring of or imposing conditions on the released individual are not sufficient to constitute detention. See United States v. Insley, 927 F.2d 185 (4th Cir. 1991), and cases cited therein.

18 U.S.C.A. § 3585(b) (West 2000). Section 3585(b) does not aid Jordan, however.

Section 3585(b) directs how terms of imprisonment are to be calculated. It is not a grant of jurisdiction to the district courts. To the contrary, the Supreme Court of the United States, in construing § 3585(b), held that it does not authorize a district court to award credit at sentencing. United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992). Instead, the Bureau of Prisons, acting on behalf of the Attorney General, must make the determination of how much credit is to be given. Id. at 335, 112 S. Ct. at 1354.

Because the Bureau of Prisons must make the determination in the first place as to how much credit is to be given under § 3585(b), a prisoner who believes he is entitled to more credit must pursue his administrative remedies with the Bureau of Prisons. Only after a prisoner has exhausted his administrative remedies, may he seek review of the Bureau's decision. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). *See also* United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). When the prisoner fails to exhaust his administrative remedies, the district court is without jurisdiction to consider an application for credit. *See* Williams, 425 F.3d at 990; Herrera, 931 F.2d at 764.

Here, Jordan has offered very little by which the Court can determine whether he has exhausted his administrative remedies. His Motion says only this:

> While petitioner initially sought credit for the time he spent in the county jail from the Bureau of Prison (BOP) to credit petitioner for time he served while in Federal custody which was not credited toward his Federal sentence . . . technically BOP was not required to credit petitioner for time he spent in Federal custody while he was still serving his sentence.

(Mot. at 2.) Jordan's statement that he sought credit from the BOP is not sufficient to

3

demonstrate that Jordan has completed the complex administrative process involved in a challenge to a BOP determination related to confinement. *See* 28 C.F.R. §§ 542.10 to 542.19 (2006) (detailing the steps for obtaining administrative review). Absent a more compelling showing from Jordan that he has exhausted his administrative remedies, so as to confer jurisdiction on the Court to entertain his challenge to the credit he has received, the Court finds that it is without jurisdiction to entertain the Motion.

### III.   CONCLUSION

The Court finds it is without jurisdiction to consider Jordan's Motion. Accordingly, the Motion in Nunc Pro Tunc for Review of Sentence (Doc. 77) is hereby dismissed.

**SO ORDERED**, this the 24th day of October, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls