# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **JAMES A. JORDAN, JR.,** | : | |
| **Petitioner,** | : | |
| v. | : | Criminal Action No. 5:03-cr-6 (HL) |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | |

## ORDER

In an Order entered October 24, 2006, the Court dismissed the Motion in Nunc Pro Tunc for Review of Sentence (Doc. 77) filed by Petitioner, James A. Jordan, Jr. The Court found that Jordan had failed to show he had exhausted his administrative remedies and, as a result, the Court was without jurisdiction to consider the challenges raised in the Motion. Jordan has now filed a Motion (Doc. 86) in which he asks the Court to reconsider its decision dismissing the Motion in Nunc Pro Tunc for Review of Sentence. In support of reconsideration, Jordan has submitted several documents detailing his efforts to exhaust his administrative remedies. Therefore, the Court will consider whether it has jurisdiction to address the Motion in Nunc Pro Tunc and to consider Jordan's challenge to the calculation of his sentence by the Bureau of Prisons.

Calculation of a term of federal imprisonment is governed by 18 U.S.C.A. § 3585, which specifies when a sentence commences, *see* 18 U.S.C.A. § 3585(a) (West 2000), and when a defendant is to be given credit for prior custody. *See* 18 U.S.C.A. § 3585(b) (West 2000).

Jordan's claim here is that he served time in the Bibb County Jail that should be credited toward his federal sentence. The Supreme Court of the United States has directed that the BOP, acting on behalf of the Attorney General, must make the determination of how much credit is to be given under § 3585(b). United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992). A defendant who is dissatisfied with the Attorney General's determination must raise his challenge with the BOP, by following a complex administrative process. *See* 28 C.F.R. §§ 542.10 to 542.19 (2006) (detailing the steps for obtaining administrative review). However, once he has exhausted his administrative remedies, if he is still dissatisfied with the Attorney General's computation, he may seek review in the federal district court. United States v. Wilson, 997 F.2d 208, 209 (6th Cir. 1993).

Jordan's filings show that he raised the issue of credit for prior custody in an "Inmate Request to Staff" dated June 17, 2005. When he received an unfavorable disposition, he submitted an "Informal Resolution Form" dated July 5, 2005. On that same date, he completed a "Request for Administrative Remedy." The response to the "Request for Administrative Remedy," dated July 15, 2005, was also unfavorable. Thereafter, on July 27, 2005, Jordan filed a "Regional Administrative Remedy Appeal." The Regional Appeal was denied on August 31, 2005. Jordan then filed a "Central Office Administrative Remedy Appeal" on October 6, 2005. The "Central Office Administrative Remedy Appeal" was denied on January 25, 2006. On February 27, 2006, Jordan then filed the Motion which is the subject of reconsideration here. It thus appears to the Court that Jordan has exhausted his administrative remedies. Nevertheless, the Court finds that it is without jurisdiction to consider Jordan's challenge to the

Attorney General's calculation of credit for prior custody.

The relief sought by Jordan's Motion in Nunc Pro Tunc is to have the Bureau of Prisons properly credit him for prior custody. His challenge is not with the sentence as it was imposed by the Court and he does not seek in this Motion to have the sentence, as it was imposed by the Court, vacated or set aside.[1] Thus, Jordan does not seek the type of relief contemplated by 28 U.S.C. § 2255 and, therefore, § 2255's mandate that applicants apply for relief to the court which sentenced them does not apply here. Rather, in the Court's view, the relief sought by Jordan's Motion is more properly sought pursuant to 28 U.S.C. § 2241.

Section 2241 provides as follows: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C.A. § 2241(a) (West date). The proper respondent to a habeas petition is the person who has custody over the petitioner. *See* Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 2717 (2004) (citing 28 U.S.C. §§ 2242 and 2243). More specifically, "in habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Padilla, 542 U.S. at 435, 124 S. Ct. at 2718. Thus, under the "immediate custodian" rule, the proper respondent to Jordan's challenge to length of his confinement is the warden of the prison facility where he is being held. Jordan has not named the warden in his Motion and, therefore, the proper party to a challenge to his confinement is not before this Court.

---

[1] Jordan does ask the Court to "backdate" the date on which his sentence commenced in order to credit him for prior custody. (Mot. in Nunc Pro Tunc at 4.) However, the Court has no authority to grant such relief.

Even if the Court were to construe Jordan's Motion as having been brought against the warden of the prison facility where he is being held, this Court would not have jurisdiction to address Jordan's challenge. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442, 124 S. Ct. at 2722 (quoting 28 U.S.C. § 2241(a)). The "within their respective jurisdictions" language of § 2241 has been construed to require that the court issuing the writ have territorial jurisdiction over the custodian of the petitioner. Id. Here, the prison facility where Jordan is being held is located in Edgefield, South Carolina. Thus, the relief Jordan seeks may only be issued by a district court having territorial jurisdiction over Edgefield, South Carolina. This Court lacks such jurisdiction.

In sum, though it appears that Jordan has exhausted his administrative remedies, thereby clearing the way for review of the Bureau of Prisons' calculation of his credit for prior custody, this Court is of the opinion that the proper vehicle for such a challenge is a § 2241 petition for writ of habeas corpus, brought against the warden of the prison facility where he is being held, and brought in the district court having territorial jurisdiction over Edgefield, South Carolina. The Motion in Nunc Pro tunc for Review of Sentence is not a proper vehicle for the relief sought and this Court has no authority to grant the relief sought by the Motion. Accordingly, the Motion to Reconsider is hereby denied.

**SO ORDERED**, this the 8th day of February, 2007.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mls