**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Action No. 5:03-cr-6 (HL) |
| | : | |
| **JAMES ALBERTIS JORDAN,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Before the Court is the Motion for Reconsideration of Sentence Reduction (Doc. 95) of Defendant James Albertis Jordan, in which Defendant seeks a further reduction in his sentence based on testimony provided by Jordan and Katrina Forte at the trial of Richard Ben Glawson. For the reasons set forth below, the Motion is denied.

**I. PROCEDURAL HISTORY**

Jordan was indicted in this Court on January 15, 2003. Jordan entered a plea of guilty on April 1, 2003, to one count of possession with intent to distribute crack cocaine and one count of use of a firearm during and in relation to a drug trafficking crime. He was sentenced for these offenses on June 26, 2003, and received a term of imprisonment of 170 months. Because of cooperation provided by Jordan before sentencing, the sentence imposed by the Court was significantly below the guideline range. Judgment was entered on July 1, 2003. On April 28, 2005, Jordan received another sentence reduction–from 170 months to 140 months–for substantial assistance rendered after his original sentence was imposed.

On August 30, 2006, the Government filed another Rule 35 Motion on Jordan's behalf, this time because of Jordan's willingness to testify at the trial of Richard Ben Glawson. The Government amended the Motion on September 1, 2006, to request that the motion remain pending until such time as Jordan would have the opportunity to testify. In late October, 2007, Jordan and Katrina Forte testified at Glawson's trial. Thereafter, on December 6, 2007, based on a Memorandum submitted by the Government, the Court reduced Jordan's term of imprisonment an additional 20 months, from 140 to 120 months. Jordan has now filed the Motion for Reconsideration of Sentence Reduction at issue here.

## II. DISCUSSION

In ruling on Jordan's Motion, the Court must first address a misstatement in the Motion.[1] The Motion states this:

> On August 30, 2006, the Government filed a Rule 35 motion based on the anticipated testimony of Jordan in the trial of Glawson. The motion was held in abeyance until the Court issued an order which reduced the confinement portion of Defendant's sentence from 170 months to 140 months.

(Mot. at 2.) The problem with this statement is, as noted above, that by August 30, 2006, Jordan's sentence had already been reduced from 170 months to 140 months; the Order issued by the Court after August 30, 2006, reduced Jordan's sentence an additional 20 months, from 140 to 120 months. The Court will therefore treat the Motion

---

[1] There are other problems with the Motion. For example, the Motion makes reference to an attachment, but no attachment was provided. In addition, counsel for Defendant was notified by the Clerk's office of an error in the filing of the Motion and was directed to refile. The error notice was filed on May 12, 2008. As of this date, the document has not been refiled.

as requesting an additional reduction in sentence, below the 120 months already given to Jordan for his testimony at Richard Ben Glawson's trial.

In requesting reconsideration, Jordan argues that the Memorandum provided by the Government, and therefore the reduction given, did not reflect the degree of assistance provided by him, the risk he took in agreeing to testify, as well as the value of his testimony to the Government's case. In addition, Jordan argues that the Government agreed to give the benefit of Katrina Forte's testimony to Jordan, and that the Government's Memorandum, and therefore his reduced sentence, did not reflect that agreement.

The decision to move under Rule 35 is discretionary with the Government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). In the absence of a motion by the United States Attorney, the Court has no authority to reduce a sentence under Rule 35. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990) (holding that "[b]oth section 5K1.1 and Rule 35(b) require a motion by the government before the court can reduce a sentence"). Where a Rule 35(b) motion is filed, the decision to reduce a sentence, and the amount of reduction given, is discretionary with the district court. *See* United States v. Smith, 839 F.2d 175, 179 (3d Cir. 1988) (holding that a district court is not required to reduce the sentence of a defendant who offers post-conviction assistance).

Here, the Government exercised its discretion to move under Rule 35. However, the Government did not provide the detail that Jordan would have liked, nor did it provide all of the reasons that he believes should have been brought to the Court's attention. As to this argument, the Court notes that just as the decision to move under

3

Rule 35 is discretionary with the Government, so would it be discretionary with the Government to determine what reasons to give the Court in moving for a reduction in sentence under Rule 35.

The Government chose to focus on the number of times Jordan was returned to the district to testify and the quality of his testimony when he did in fact get the opportunity to testify. But, just as Jordan would have no right, except in limited circumstances, to compel the Government to move in the first place,[2] neither does he have any right to compel the Government to add particular details to its Motion, or to move the Court to amend the judgment again based on factors that he believes should have been presented to the Court in the Government's Motion. Therefore, the Court is of the opinion that it does not have the authority to reconsider the amount of the sentence reduction based on issues raised in Jordan's Motion but not relied on by the Government in support of sentence reduction.

The Court also notes, however, that even if it had the authority, it would decline to reduce Jordan's sentence any more than it has already been reduced. Jordan received two reductions for assistance before the reduction at issue here. As a result of his further assistance to the Government and testimony at trial, he received an

---

[2] The Supreme Court of the United States has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44 (1992). The Court has also held that a defendant may "be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. at 186, 112 S. Ct. at 1844. And, of course, review may be obtained in those circumstances where the Government has failed to carry through on a promise that induced a defendant to enter into a plea agreement. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). None of the foregoing exceptions are suggested by the circumstances here.

additional 20-month reduction, resulting in his current sentence of 120 months. Thus, Jordan has already received a significant reduction from the sentence that could have been imposed under the original guideline range. Moreover, even though the Government's Motion did not explicitly acknowledge the risks undertaken by Jordan, such risks are implicit in every assistance case, particularly those in which the defendant testifies at trial, and thus those risks were taken into consideration by the Court in determining the amount of Jordan's sentence reduction.

Finally, the Court notes that it does not look with favor upon reductions in sentence based upon third-party assistance, such as the reduction sought here by Jordan based on Katrina Forte's testimony at trial. Rule 35 speaks to conduct by the defendant, not others, authorizing a reduction in sentence "if *the defendant*, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Those courts that have considered the issue are split on whether to allow a reduction in sentence based on the substantial assistance provided by third parties. *Compare* United States v. McMillion, 528 F. Supp. 2d 620, 624 (S.D.W. Va. 2007) (finding that Rule 35 permits the consideration of third party substantial assistance subject to certain limitations related to the defendant's role in securing the assistance), *with* United States v. Scott, Case No. CRIM. 98-1793ADMAJB, 2005 WL 741910, at *2 (D. Minn. Mar. 31, 2005) (refusing to grant a Rule 35(b) motion based on the substantial assistance of a third party).

As the United States District Court for the District of Minnesota noted when expressing its skepticism of sentence reductions for third-party assistance, "the

5

appropriate balance between preventing other criminal activity and reducing the defendants' sentences is disturbed when defendants mitigate the consequences of their acts through the acts of third parties." Id. at *3.  *See also* United States v. Clark, Case No. 5:99-cr-10-Oc-10-GRJ, 2006 WL 4877554, at *2 (M.D. Fla. July 20, 2006) (expressing misgivings about reductions in sentence based on third-party assistance). Because the Court is of the opinion that it cannot reconsider the amount of sentence reduction Jordan received, it need not decide today whether it would ever entertain a request for reduction in sentence based on the acts of a third-party.  However, substantially more than what has been suggested by Jordan's Motion would have to be present to cause the Court to reduce a sentence based on third-party assistance.

In sum, the Court finds that because it has no authority to dictate to the Government the reasons that it gives when seeking substantial-assistance reductions, it also has no authority to reconsider sentences already imposed based on the absence of certain reasons from the Government's motions.  Therefore, the Motion for Reconsideration of Sentence Reduction must be, and is hereby, denied.

**SO ORDERED**, this the 29th day of May, 2008.


*s/  Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls